IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. OVERTON, | No. C 14-01859 EJD (PR) |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| WARDEN, et al., | |
| Respondents. | |
| | (Docket No. 10) |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Now pending before the Court is Plaintiff's motion for reconsideration.  (Docket No. 10.)  For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

**BACKGROUND**

On April 23, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which initiated this action.  (Docket No. 1.)  Petitioner was granted several opportunities to either pay the filing fee or file an in forma pauperis application.  (Docket Nos. 4 and 6.)  When he failed to do so in the time provided, on September 24, 2014, the Court dismissed the case without prejudice for failure to pay the filing fee.  (Docket No. 8.)  On October 21, 2014, Petitioner filed a pleading with

1  the Ninth Circuit Court of Appeals titled "Motion for Immediate Emergency Rel.,
2  Pursuant to F.R.A.P. Rule 37-1."[1] (Docket No. 10.)

3      On November 25, 2012, the Ninth Circuit treated this motion as a notice of
4  appeal; assigned the case Court of Appeals docket number No. 14-17321; and set a
5  briefing schedule.  (Docket No. 12 at 17–18.)  The Ninth Circuit also informed
6  Petitioner that the deadline for payment of the docketing and filing fees had passed,
7  and that failure to correct this deficiency within fourteen days would result in dismissal
8  of the case for failure to prosecute.  (Id. at 17.)

9      On December 1, 2014, the Ninth Circuit remanded this case to this Court for the
10 limited purpose of granting or denying a certificate of appealability.  (Docket No. 13.)
11 On February 9, 2014, this Court issued an order denying a certificate of appealability.
12 (Docket No. 14.)

13     On March 20, 2015, the Ninth Circuit found that the notice of appeal was
14 ineffective, stating that Petitioner's October 21, 2014, notice of appeal also included a
15 timely-filed Fed. R. App. P. 4(a)(4) motion, which must be resolved prior to Petitioner
16 being able to file a notice of appeal.  (Docket No. 15 at 1.)  Accordingly, the Court
17 addresses Petitioner's October 21, 2014 motion.

## ANALYSIS

19     Since it appears that Plaintiff is arguing that he attempted to comply with the
20 Court's orders, the Court construes Petitioner's October 21, 2014 filing as a motion for
21 relief from judgment pursuant to Fed. R. Civ. P 60(b)(6).  Rule 60(b) provides a
22 mechanism for parties to seek relief from a judgment when there is any reason
23 justifying relief from judgment.  Jeff D. v. Kempthorne, 365 F.3d 844, 851 (9th Cir.
24 2004) (quoting Fed. R. Civ. P. 60(b)).  "Rule 60(b)(6) has been used sparingly as an
25 equitable remedy to prevent manifest injustice.  The rule is to be utilized only where
26 extraordinary circumstances prevented a party from taking timely action to prevent or

---

[1] Petitioner did not file a copy of this October 21, 2014 pleading with this Court.

1 correct an erroneous judgment. United States v. Alpine Land & Reservoir Co., 984
2 F.2d 1047, 1049 (9th Cir. 1993). Thus, to reopen a case under Rule 60(b)(6), a party
3 must demonstrate both injury and circumstances beyond his control that prevented him
4 from proceeding with the prosecution or defense of the action in a proper fashion.
5 Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002), as amended on
6 denial of reh'g and reh'g en banc (Apr. 24, 2002) (citing United States v. Alpine Land
7 & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)). Mere dissatisfaction with the
8 court's order or belief that the court is wrong in its decision are not adequate grounds
9 for relief. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th
10 Cir. 1981).

11 In his October 21, 2014 motion, Plaintiff alleges that he attempted to comply
12 with the Court's order by submitting an in forma pauperis application to the prison
13 trust office on July 19, 2014 "to no avail" and alleges that he has not received final
14 judgment.[2] (Docket No. 10 at 4.) However, almost a month later, on August 13, 2014,
15 the Court issued an order granting a second extension of time thereby notifying
16 Plaintiff that his in forma pauperis application had not been received by the Court.
17 (Docket No. 6.) There is no indication that Petitioner attempted to address his filing
18 fee obligation in response to the Court's August 13, 2014 order. Despite the two
19 extensions of time totaling five months, Petitioner neither paid the filing fee nor filed
20 with the Court an application to proceed in forma pauperis. Moreover, Petitioner does
21 not allege that he can cure this deficiency. The action was therefore appropriately
22 dismissed without prejudice. Plaintiff's submission of an in forma pauperis application

---

[2] The Court declines to address the remaining arguments in Plaintiff's October 21, 2014 because they have no bearing upon whether the Court properly dismissed Plaintiff's petition for failure to pay the filing fee. For example, Plaintiff seeks relief pursuant to Federal Rule of Appellate Procedure 37-1. (Docket No. 10 at 1.) Federal Rule of Appellate Procedure 37 authorizes interest on a money judgment in a civil case, and is not applicable here. On the second page of his motion, Petitioner states that he seeks declaratory relief and alleges, without providing any details, violations of the Federal Tort Claims Act and of a fiduciary contract, and a conspiracy to withhold release. (Id. at 2.) It is unclear how the Federal Torts Claims Act was violated and what fiduciary contract is at issue.

Order Denying Reconsideration
P:\PRO-SE\EJD\HC.14\01859Overton_deny-reconsideration.wpd    3

1   to this prison trust office on July 19, 2014 is not an extraordinary circumstance that
2   justifies relief from judgment. Plaintiff's motion for reconsideration is DENIED.
3        However, in the interests of justice, if Petitioner either pays the filing fee or files
4   with this Court a complete in forma pauperis application within **thirty (30)** days of this
5   order, the Court will reopen this case. In the meantime, this case remains closed.
6        The Clerk of the Court shall transmit a copy of this Order to the Ninth Circuit.

DATED: 6/18/2015

EDWARD J. DAVILA
United States District Judge

Order Denying Reconsideration
P:\PRO-SE\EJD\HC.14\01859Overton_deny-reconsideration.wpd    4